IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYNQUILA WILLIAMS, | : | |
|     Plaintiff | : | No. 1:17-CV-2323 |
| | : | |
|     v. | : | Judge John E. Jones, III |
| | : | |
| SMITH, *et al.*, | : | Electronically Filed Document |
|     Defendants | : | |

## BRIEF IN SUPPORT OF COMMONWEALTH DEFENDANTS' MOTION TO DISMISS

JOSH SHAPIRO
Attorney General

By: NICOLE R. DITOMO
Deputy Attorney General
Attorney I.D. No. 315325

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 705-6559
Email: nditomo@attorneygeneral.gov

KELI M. NEARY
Acting Chief Deputy Attorney General
Civil Litigation Section

Counsel for Commonwealth Defendants
Robert Smith, Justin Donnaromma, and
Taylor Stark

Date: March 5, 2018

## TABLE OF CONTENTS

Page

PROCEDURAL HISTORY AND STATEMENT OF FACTS ...............................1

QUESTIONS PRESENTED..................................................................................2

ARGUMENT .........................................................................................................2

   A.    Plaintiff Fails to State a Cognizable Claim against Commonwealth Defendant Smith ........................................................................................3

       1.    No Personal Involvement of Defendant Smith ..........................................4

       2.    Commonwealth Defendant Smith Wasn't Deliberately Indifferent ..........5

       3.    Commonwealth Defendant Smith Isn't Liable Under the Fourteenth Amendment .................................................................................................7

   B.    Plaintiff Failed To State a Cognizable Claim against Commonwealth Defendants Donnaromma and Stark .......................................................8

       1.    Commonwealth Defendants Donnaromma and Stark Are Improperly Joined ..........................................................................................................8

       2.    Plaintiff Is Unable To Make Out A Claim For Retaliation........................9

CONCLUSION ...................................................................................................10

# TABLE OF AUTHORITIES

Page

**Cases**

*Anderson v. Davila*,
    125 F.3d 148 (3d Cir. 1997) ................................................................................. 9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................... 2, 4

*Baker v. McCollan*,
    443 U.S. 137 (1979) ............................................................................................ 4

*Beers-Capitol v. Whetzel*,
    256 F.3d 120 (3d Cir. 2001) ................................................................................. 6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................ 2

*Carter v. McGrady*,
    292 F.3d 152 (3d Cir. 2002) ........................................................................... 9, 10

*Covington v. Int'l Ass'n of Approved Basketball Officials*,
    710 F.3d 114 (3d Cir. 2013) ................................................................................. 3

*Davidson v. Cannon*,
    474 U.S. 344 (1986) ............................................................................................ 6

*DelRio-Mocci v. Connolly Prop. Inc.*,
    672 F.3d 241 (3d Cir. 2012) ................................................................................. 3

*DeShaney v. Winnebago Cty. Dept. of Social Service*,
    489 US 189 (1989) .............................................................................................. 7

*Estelle v. Gamble*,
    429 U.S. 97 (1976) .............................................................................................. 7

*Ethypharm S.A. France v. Abbott Labs.*,
    707 F.3d 223 (3d Cir. 2013) ................................................................................. 3

*Farmer v. Brennan*,
  511 U.S. 825 (1994)..................................................................................5, 6

*Gruenke v. Seip*,
  225 F.3d 290 (3d Cir. 2000)...............................................................................4

*Hamilton v. Leavy*,
  117 F.3d 742 (3d Cir. 1997)...............................................................................6

*Hampton v. Holmesburg Prison Officials*,
  546 F.2d 1077 (3d Cir. 1976).............................................................................4

*Hetzel v. Swartz*,
  909 F. Supp. 261 (M.D. Pa. 1995)......................................................................4

*Ingraham v. Wright*,
  430 U.S. 651 (1977).............................................................................................7

*Parratt v. Taylor*,
  451 U.S. 527 (1986).............................................................................................4

*Robinson v. California*,
  370 U.S. 660 (1962).............................................................................................7

*Rode v. Dellarciprete*,
  845 F.2d 1195 (3d Cir. 1988).............................................................................4

*Schieber v. City of Philadelphia*,
  320 F.3d 409 (3d Cir. 2003)...............................................................................8

**Statutes**
42 U.S.C. § 1983..................................................................................................4

**Rules**
Fed. R. Civ. P. 12(b)(6).......................................................................................2
Fed. R. Civ. P. 20(a)(2).......................................................................................8
Fed. R. Civ. P. 21................................................................................................8

**Constitutional Provisions**
U.S. Const. amend. I. .........................................................................................9
U.S. Const. amend. VIII....................................................................................5
U.S. Const. amend. XIV ....................................................................................7

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

Plaintiff, Synquila Williams, filed a *pro se* complaint on December 18, 2017, pursuant to 42 U.S.C. § 1983, alleging violations of her Eighth and Fourteenth Amendment rights.  Doc. 1.  On January 19, 2018, an attorney for the Commonwealth entered an appearance on behalf of Defendants Robert Smith, Justin Donnaromma, and Taylor Stark[1] (collectively "Commonwealth Defendants").[2]  Doc. 17.  Plaintiff is seeking protection from retaliation, monetary damages for pain and suffering, legal assistance, and medical attention.  Doc. 1, § V.  The alleged constitutional violations stem from a report, by the Plaintiff, of alleged sexual assault by another inmate, and of alleged harassment by officers Donnaromma and Stark.  *Id.* at § IV.

Plaintiff is currently housed at the State Correctional Institution ("SCI") at Muncy.  Doc. 1.  Plaintiff claims that she tried to report instances of sexual assault to Lieutenant Britton, but nothing happened.  *Id.* at § IV(1).  Plaintiff claims that she was made to take pictures in her underclothes only to learn that her complaint was deemed unfounded.  *Id.* at § IV(2).  Based upon these limited details it is reasonable to infer that Plaintiff reported an occurrence of sexual assault, which was investigated and Plaintiff was informed of the results of the investigation.

---

[1]   Defendant Taylor Stark was incorrectly identified as "C.O. Starks Frey".

[2]   Plaintiff also alleged violations by Correct Care Solutions, which is separately represented in this matter.

Plaintiff seems to allege that Commonwealth Defendant Smith failed to protect her against sexual assault in violation of the Eighth Amendment and failed to provide adequate protection in violation of the Fourteenth Amendment. *Id*. at § V(2).

Plaintiff also states in her Complaint that Commonwealth Defendants Donnaromma and Stark harass her and lie when issuing misconduct charges, which result in her spending time in the Restricted Housing Unit ("RHU"). *Id*. at § IV(3). Plaintiff appears to seek protection from future retaliation, but does not specify a direct legal claim against these two defendants. *Id*. at § V(1).

## QUESTIONS PRESENTED

1. Should Claims Against Commonwealth Defendant Smith Be Dismissed Because Plaintiff Failed to State a Cognizable Claim?
   Suggested Answer: Yes.

2. Should Commonwealth Defendants Donnaromma and Stark Be Terminated From This Matter As They Are Improperly Joined and Because Plaintiff Failed to State a Cognizable Claim Against Them?
   Suggested Answer: Yes.

## ARGUMENT

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *See* Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

"Though a complaint 'does not need detailed factual allegations . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statement." *Ethypharm S.A. France v. Abbott Labs.*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

    **A.    Plaintiff Fails to State a Cognizable Claim against Commonwealth Defendant Smith**

Plaintiff is unable to make out a *prima facie* claim for an Eighth or Fourteenth Amendment violation against Commonwealth Defendant Smith because Commonwealth Defendant Smith was not personally involved in any conduct that may rise to the level of a constitutional violation against the Plaintiff. As such, this Honorable Court should dismiss Plaintiff's claims against Commonwealth Defendant Smith with prejudice as amendment would be futile.

1.     No Personal Involvement of Defendant Smith

42 U.S.C. § 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States. Section 1983 does not create any new substantive rights, but instead provides a remedy for the violation of a federal constitutional or statutory right. *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Gruenke v. Seip*, 225 F.3d 290, 298 (3d Cir. 2000). To state a claim under Section 1983, a plaintiff must show that the defendant, through conduct sanctioned under the color of state law, deprived her of a federal constitutional or statutory right. *Parratt v. Taylor*, 451 U.S. 527, 535 (1986).

It is well established that personal liability in a civil rights action cannot be imposed upon a prison official based on a theory of *respondeat superior*. *Hetzel v. Swartz*, 909 F. Supp. 261, 264 (M.D. Pa. 1995). "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. Liability under 42 U.S.C. § 1983 may only be based upon a defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). The complaint must contain averments of the involvement of the defendants in the conduct which caused a violation of the plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Plaintiff brings this action against Commonwealth Defendant Smith, who is the Superintendent at SCI-Muncy. Doc. 1. Plaintiff asserts no facts concerning Commonwealth Defendant Smith's personal involvement with the alleged assault or the investigation into the alleged assault, other than stating that Plaintiff was assaulted in his prison. *Id*. at § IV(1). As such, the Commonwealth Defendants request that this Honorable Court dismiss Plaintiff's claims against Commonwealth Defendant Smith, with prejudice, as Commonwealth Defendant Smith did not have sufficient personal involvement in any conduct which is alleged to have resulted in a violation of the Plaintiff's constitutional rights.

2. <u>Commonwealth Defendant Smith Wasn't Deliberately Indifferent</u>

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. Pursuant to the mandates of the Eighth Amendment, prison officials have a duty to protect inmates from violence at the hands of other prisoners. *Farmer v. Brennan,* 511 U.S. 825, 833 (1994). Yet not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. To state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must plead facts that show (1) he/she was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his/her health and safety, and (3)

the official's deliberate indifference caused him/her harm. *Farmer,* 511 U.S. at 834; *see also*, *Hamilton v. Leavy,* 117 F.3d 742, 746 (3d Cir. 1997).

A negligent failure to prevent an attack is insufficient to establish a violation of the Eighth Amendment. *Davidson v. Cannon,* 474 U.S. 344, 345-48 (1986) (finding that prison officials' negligent failure to heed prisoner's notification of threats from another inmate, followed by an assault, is not a deprivation of constitutional rights). An inmate making a failure to protect claim has the burden of proof to establish that a prison official both knew of and chose to disregard an "excessive risk to inmate health or safety." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001) (citing *Farmer*, 511 U.S. at 837). The United States Court of Appeals for the Third Circuit has further held that the knowledge requirement is subjective, "meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." *Id.*; *see also Hamilton*, 117 F.3d at 746.

Plaintiff has not met her burden of proof to establish that Commonwealth Defendant Smith knew of and chose to disregard an excessive risk to her health or safety and has not plead any facts to show that she is entitled to damages. As such, Plaintiff's Eighth Amendment claims against Commonwealth Defendant Smith should be dismissed with prejudice.

      3.      Commonwealth Defendant Smith Isn't Liable Under the Fourteenth Amendment

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Presumably, Plaintiff contends that Commonwealth Defendant Smith deprived her of her liberty interest in "free[dom] from unjustified intrusions on personal security" by failing to provide adequate protection from another inmate's sexual advances. *See Ingraham v. Wright*, 430 U.S. 651, 673 (1977). However, nothing in the language of the Due Process Clause requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. *DeShaney v. Winnebago Cty. Dept. of Social Service*, 489 US 189, 195 (1989).

The Supreme Court has recognized that the Due Process Clause does not confer an affirmative right to government aid, even where such aid may be necessary to secure life, liberty, or property interests. *Id*. A State's failure to protect an individual against private violence, or in this case sexual assault, simply does not constitute a violation of the Due Process Clause. *Id*. at 197-98. Further this case is unlike the imposed affirmative duties of care and protection established in cases like *Estelle v. Gamble*, 429 U.S. 97 (1976) and *Robinson v. California*, 370 U.S. 660 (1962) and liability would not attach here because Plaintiff has not

alleged that she was substantially more vulnerable to injury as is seen in *Schieber v. City of Philadelphia*, 320 F.3d 409, 416 (3d Cir. 2003).

Because Plaintiff is unable to state a Fourteenth Amendment claim against Commonwealth Defendant Smith for failing to provide adequate protection against another inmate's sexual advances, Plaintiff's Fourteenth Amendment claims against Commonwealth Defendant Smith should be dismissed with prejudice.

**B.  Plaintiff Failed To State a Cognizable Claim against Commonwealth Defendants Donnaromma and Stark**

  1.  <u>Commonwealth Defendants Donnaromma and Stark Are Improperly Joined</u>

Plaintiff lists as defendants, Justin Donnaromma and Taylor Stark, who are corrections officers at SCI-Muncy. Doc. 1. The only allegation in the Complaint against Commonwealth Defendants Donnaromma and Stark are that these officers allegedly harass the Plaintiff and lie when issuing misconduct charges, which require Plaintiff to spend time in the RHU. *Id*. Plaintiff fails to assert any claim or right to relief against Commonwealth Defendants Donnaromma and Stark, and as such, these Commonwealth Defendants were improperly joined as defendants in this action. Fed. R. Civ. P. 20(a)(2). Pursuant to Fed. R. Civ. P. 21, this Honorable Court should terminate these Commonwealth Defendants from this action.

8

      2.      <u>Plaintiff Is Unable To Make Out a Claim for Retaliation</u>

Presuming for the purposes of this motion that Commonwealth Defendants Donnaromma and Stark were harassing Plaintiff and lying about her conduct when issuing her misconduct charges, Plaintiff has failed to make out a *prima facie* claim for retaliation.

In broad terms, the First Amendment protects the right to be free from government abridgment of speech. U.S. Const. amend. I. "The Supreme Court has explicitly held that an individual has a viable claim against the government when he is able to prove that the government took action against him in retaliation for his exercise of First Amendment rights." *Anderson v. Davila*, 125 F.3d 148, 160 (3d Cir. 1997) (citing *Mt. Healthy City School Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274 (1977)).

To prevail on a First Amendment retaliation claim, a plaintiff must prove that: (1) the conduct in which he/she was engaged was constitutionally protected; (2) he/she suffered "adverse action" at the hands of prison officials; and (3) his/her constitutionally protected conduct was a substantial or motivating factor in the decision of the defendants. *Carter v. McGrady*, 292 F.3d 152, 158 (3d Cir. 2002). "Once a prisoner has made his prima facie case, the burden shifts to the defendant to prove by a preponderance of the evidence that [he or she] 'would have made the same decision absent the protected conduct for reasons reasonably related to

penological interest.'" *Id.* (quoting *Rauser v. Horn*, 241 F.3d 330, 334 (3rd Cir. 2001)).

Plaintiff has not met her burden of proof to establish that her time spent in the RHU was due to retaliation for any constitutionally protected conduct. As such, Plaintiff's possible claims against Commonwealth Defendants Donnaromma and Stark fail and Plaintiff's Complaint should be dismissed with prejudice.

## CONCLUSION

Plaintiff has failed to assert cognizable claims against any of the Commonwealth Defendants. As such, Commonwealth Defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint, with prejudice, as to the Commonwealth Defendants, as any attempt at amending would be futile.

|  |  |
|---|---|
|  | Respectfully submitted,<br>JOSH SHAPIRO<br>Attorney General |
|  | By:  */s/ Nicole R. DiTomo*<br>NICOLE R. DITOMO |
| Office of Attorney General<br>15th Floor, Strawberry Square<br>Harrisburg, PA 17120<br>Phone: (717) 705-6559<br>nditomo@attorneygeneral.gov | Deputy Attorney General<br>Attorney I.D. No. 315325<br><br>KELI M. NEARY<br>Acting Chief, Civil Litigation Section |
| Date:  March 5, 2018 | Counsel for Commonwealth Defendants Robert Smith, Justin Donnaromma, and Taylor Stark |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYNQUILA WILLIAMS, | : | |
|     Plaintiff | : | No. 1:17-CV-2323 |
| | : | |
|     v. | : | Judge John E. Jones, III |
| | : | |
| SMITH, *et al.*, | : | Electronically Filed Document |
|     Defendants | : | |

CERTIFICATE OF SERVICE

    I, Nicole R. DiTomo, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on March 5, 2018, I caused to be served a true and correct copy of the foregoing document titled Commonwealth Defendants' Brief in Support of Their Motion to Dismiss to the following:

VIA U.S. MAIL

Synquila Williams, OW-1652
SCI Muncy
P.O. Box 180
Muncy, PA  17756
*Pro Se Plaintiff*

VIA ELECTRONIC FILING

Alan S. Gold, Esquire
Gold & Ferrante, PC
The Pavilion, Suite 526
261 Old York Road
Jenkintown, PA  19046
asg@goldferrantelaw.com
*Counsel for Defendant Correct Care Solutions*

    */s/ Nicole R. DiTomo*
    NICOLE R. DITOMO
    Deputy Attorney General