**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SYNQUILA WILLIAMS, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Civil No. 1:17-cv-2323 |
| v. | ) | |
| | ) | Magistrate Judge Schwab |
| CORRECT CARE SOLUTIONS, et. al, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

**I.    INTRODUCTION**

Plaintiff Synquila Williams, a woman incarcerated in the State Correctional Institution at Muncy ("SCI Muncy"), filed this lawsuit *pro se* alleging violations of her rights under the First and Eighth Amendments of the United States Constitution. Defendants Correct Care Solutions, Noel, Burdette, LeClerc, and Slovova ("Medical Defendants") continuously failed to provide adequate medical care to Ms. Williams for several years. As a result, Ms. Williams' diabetes has remained poorly controlled, her diabetic neuropathy has worsened causing increasing pain, tingling, numbness, and swelling in her legs and feet, and she has endured years of gastrointestinal issues. Ms. Williams also brings a retaliation claim against Defendant Donnarumma who harassed and retaliated against her over several

months causing severe mental and physical anguish.

Ms. Williams seeks to amend the complaint to remove Defendant Stark as a Defendant, add Defendants Noel, Burdette, LeClerc, and Slovova to her Eighth Amendment claim and provide additional clarity and detail to both her First and Eighth Amendment claims now that she is represented by Counsel.

## II. STATEMENT OF FACTS

Ms. Williams was diagnosed with Type II Diabetes in 2015, while incarcerated at SCI Muncy. ECF No. 82-1, p. 5. Since her diagnosis, Defendants have failed to properly treat her condition, which has resulted the development and worsening of diabetic neuropathy as well as other damage to her health. *Id.* at 8-10. Defendants have repeatedly failed to ensure that Ms. Williams received appropriate medications to control her blood sugar. *Id.* Defendants have also failed to treat her diabetic neuropathy. *Id.* at 10-16. Due to this, Ms. Williams' diabetic neuropathy has worsened, and she experiences increasing pain, tingling, numbness, and swelling in her legs and feet and fears of losing a toe due to continued untreated infections. *Id.* at 17-18. Despite seeking the help of Defendants on numerous occasions, Ms. Williams has received the same, ineffective care.

Moreover, Ms. Williams has suffered from inadequate care for her stomach pain and severe constipation throughout her time at SCI Muncy. ECF No. 1, p. 2-3; ECF No. 82-1, p. 20. Following her initial visit in May 2016, Ms. Williams was seen for

her pain ten times, including two stays in the infirmary. ECF No. 82-1, p. 20-22. None of the treatment she received has alleviated her pain and Defendants have never diagnosed the cause of her continued suffering. *Id.* at 20-23.

Ms. Williams had a history of conflict with Defendant Donnarumma and a fellow correctional officer who denied her privileges without reason, such as use of the common room, shower, or phone access. ECF No. 1, p. 3; ECF No. 82-1, p. 23. Ms. Williams filed multiple complaints relating to this ongoing harassment. ECF No. 82-1, p. 23. In August 2017, Ms. Williams was sexually harassed by her cellmate, who threatened to sexually assault Ms. Williams. ECF No. 82-1, p. 23-24. Ms. Williams immediately notified Defendant Donnarumma, but he laughed at her and refused to file a PREA report as required by DOC policies. ECF No. 1 p. 2; ECF No. 82-1, p. 24. Two days later, Ms. Williams' cellmate sexually assaulted her. ECF No. 1, p. 2-3; ECF No. 82-1, p. 25. Although Ms. Williams' cellmate was then removed from the cell, she remained on the same unit, allowing her to physically assault Ms. Williams in the food line. *Id.*

Following that second attack, Ms. Williams was rolling a cigarette in the common room and Defendant Donnarumma told her to stop. *Id.* at 25. When Ms. Williams objected, the situation escalated, resulting in Defendant Donnarumma using excessive force to handcuff her, slamming her head into the table, which gave her a swollen face and a split lip. *Id.* Ms. Williams was then put in the Restricted Housing Unit for 30

days and never received the commissary items she had ordered. *Id.* Defendant Donnarumma's actions were acts of retaliation against Ms. Williams for her complaints of harassment and reporting that he refused her request to file a PREA report, thus violating her First Amendment rights.

### III.   PROCEDURAL HISTORY

Plaintiff Williams filed her original complaint as a *pro se* litigant on December 18, 2017, using the basic form provided by the court to lay out her initial claims of deliberate indifference to medical care, harassment, and retaliation. ECF No. 1. Along with her complaint, Ms. Williams filed a Motion for *In Forma Pauperis* status, in which she reiterated the seriousness of her medical claims and the lack of treatment she was receiving. ECF No. 2. That same day Ms. Williams also filed a Motion to Appoint Counsel, in which she detailed her medical claims and explained that Medical Defendants were failing to treat her diabetes, gastric issues, and diabetic neuropathy. ECF No. 4, p. 2.

On April 20, 2018, Ms. Williams filed a Letter requesting help from the court in which she reiterated the continuing lack of medical care she was receiving. ECF No. 34. Defendants filed a Motion to Dismiss on March 5, 2018, ECF No. 23, 25, which the Court denied in part and granted in part on August 15, 2019. ECF No. 39.

Ms. Williams attempted to amend her complaint by filing a Motion to Supplement Complaint on October 7, 2019. ECF No. 49-1. In her attached Supplemental

Complaint, Ms. Williams again emphasized her serious medical needs and the lack of treatment she was receiving for her diabetes, diabetic neuropathy, and gastric issues. *Id.* at 8, 12-13. She also detailed the retaliation and harassment that Defendant Donnarumma was perpetrating against her. *Id.* at 8-9. Her attempted Supplemental Complaint explained her various medical and retaliation concerns in greater detail. ECF No. 49-1. This Motion was denied on October 31, 2019 for technical reasons. ECF No. 51. Ms. Williams' counsel entered their first appearance on November 29, 2019. ECF No. 55. Ms. Williams filed a First Motion for Leave to Amend the Complaint and a proposed amended complaint on June 30, 2020. ECF No. 82.

### IV.  LEGAL ARGUMENT

#### A. Justice Requires Leave to Amend the Complaint

Justice requires that Ms. Williams be allowed to amend her complaint. Under Federal Rule of Civil Procedure 15(a), the court has discretion to allow an amended complaint and should do so when justice so requires. Fed. R. Civ. P. 15(a); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Pleadings should be crafted to present allegations clearly so that the issue may be decided on the merits. *Foman v. Davis*, 371 U.S. 178, 181 (1962). Therefore, Rule 15 provides a "directive in favor of amendment" that must be "exercised within the context of liberal pleading rules." *Mullin v. Balicki*, 875 F.3d 140, 150 (3d Cir. 2017) (quoting *Berkshire Fashions, Inc. v. The M.V. Hakusan II*, 954 F.2d 874, 886 (3d Cir. 1992)); *see also Arthur v. Maersk, Inc.*, 434

F.3d 196, 206 (3d Cir. 2006) ("The liberality of Rule 15(a) counsels in favor of amendment even when a party has been less than perfect in the preparation and presentation of a case.").

Ms. Williams seeks to amend the complaint to clarify her legal claims and reflect her understanding of the case now that she is represented by counsel. Through this counseled Amended Complaint, Ms. Williams is now able to provide more specific detail on the extent and nature of the ongoing constitutionally inadequate medical care she has received at SCI Muncy. For example, Counsel has been able to identify Defendants Leclerc, Burdette, and Slavova as individuals personally involved in the denial of adequate care to Ms. Williams. Moreover, with the experience of counsel, Ms. Williams is now able to describe the policies and practices implemented or enforced by Defendants Correct Care Solutions, Inc. and Noel that have resulted in deliberate indifference to her serious medical needs by, *inter alia*, consistently failing to properly manage her diabetes or assess and treat her diabetic neuropathy. *Id.*

Lastly, on the advice of Counsel and in the interests of judicial economy, Ms. Williams seeks to remove Defendant Stark from the lawsuit with this Amended Complaint. Although Ms. Williams has experienced ongoing harassment from Defendant Stark, Ms. Williams recognizes that the necessary elements of a retaliation claim against Defendant Stark may be difficult to establish. The Amended Complaint lays out her claims and correctly identifies the Defendants. Therefore, justice requires

that the court allow the amended complaint.

### B. Ms. Williams' Request to Amend the Complaint is Timely, in Good Faith and will not cause Undue Prejudice to the Defendants.

The Court should grant leave to amend the complaint because Ms. Williams has made a timely request in good faith that does not prejudice the Defendants. Ms. Williams has not engaged in any of the behavior that would give a court pause such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. . . . ." *Foman v. Davis*, 371 U.S. at 182. (1962). To the contrary, Ms. Williams has consistently attempted to explain her concerns with the continued denial of medical care at SCI Muncy, since the initial filing of her complaint, throughout the pendency of this case, and tried to amend her complaint in the Fall of 2019. *See*, *e.g.*, ECF No. 1, 2, 4, 34, 40, 49. Ms. Williams' previous attempt at filing an amended complaint was denied as she did not understand the rules of civil procedure and that she needed to file a brief in support of the amendment. ECF No. 51. She has been active in trying to pursue this case but has been hampered by her lack of legal knowledge or experience.

None of the traditional concerns that would militate against granting leave to amend are relevant here. As a *pro se* litigant Ms. Williams identified Defendants and stated her claims based on incomplete information, to the best of her ability, without

sufficient documents or legal experience. While *pro se*, Ms. Williams made every effort available to her to obtain the information necessary to explain her claims and identify Defendants. However, with no legal training, Ms. Williams did not include certain facts in her initial complaint, nor name all individuals personally involved in the denial of care that are the basis for her claims.

For example, in motions filed in conjunction with her initial complaint, Ms. Williams explained that she was being denied adequate medical care for conditions that were not mentioned in the complaint itself and which she now seeks to include in her Amended Complaint, notably her diabetes and diabetic neuropathy. *See* ECF Nos. 2, 4. Further, on October 7, 2019, Ms. Williams filed a Motion for Supplemental Complaint ("Supplemental Complaint") in an attempt to amend her complaint and clarify her claims. ECF. No. 49. The Supplemental Complaint included the same medical information Ms. Williams is now attempting to add to her Complaint. ECF No. 49-1, p. 13. The Court denied Ms. Williams' attempt to amend her complaint because she filed it incorrectly. ECF No. 51.

Ms. Williams was not able to acquire counsel (Ms. Catherine Sevcenko) until November 29, 2019 and February 26, 2020. ECF No. 55, 61. When PILP counsel joined the case in February, the pandemic added an additional obstacle to progress in the case. Since the state of emergency was declared, in-person communication with Ms. Williams has been virtually impossible. Plaintiff's counsel has only recently been

able to acquire enough documentation and information to clarify Ms. Williams' claims and has filed the Motion for Leave to Amend Complaint as quickly as possible. ECF No. 82.

Permitting Ms. Williams to amend the complaint will not prejudice the Defendants as the case remains in the beginning stages of discovery.[1] Defendant Stark cannot be prejudiced by the Amended Complaint, as she is being removed as a

---

[1] Counsel for Defendants Stark and Donnarumma has indicated that they will object to this motion as the First and Eighth Amendment claims have been impermissibly joined. Under Federal Rule of Civil Procedure 20(a), "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). It is in the court's discretion to sever parties where joinder is not required; the court should exercise this discretion only where "joinder could result in prejudice, expense, or delay." *Battle Force, L.L.C. v. Does 1-39*, No. 12-6539-JBS-KMW, 2013 U.S. Dist. LEXIS 153933, at *2 (D.N.J. Oct. 25, 2013). The Supreme Court has stated that "entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).

Here, all claims have been part of this litigation since the case was filed almost three years ago. Both the DOC Defendants and Correct Care Solutions, Inc. have been in this case since its inception. The Amended Complaint does not add new claims or a new set of facts; rather, it elucidates the operative facts and claims that have been in the case from the beginning. As any issue regarding joinder has been present throughout this case, this issue should not be addressed by denying the Motion for Leave to Amend the Complaint. Justice and fairness requires that Plaintiff be allowed to present the facts for her claims in the most complete light as she has attempted to do since filing this case. Should the Court believe that joinder is an issue that must be addressed, Plaintiff respectfully requests that this Court first grant the Motion for Leave to Amend the Complaint and then address issues related to joinder with supplemental briefing once all Defendants are entered into the case.

Defendant. Additional Defendants named in the Amended Complaint will enter the case in essentially the same position as the existing Defendants. Since Ms. Williams initially named as Defendants the then-Warden of SCI Muncy and Correct Care Solutions, Inc., all new Defendants have been on notice of the existing litigation since its inception. *See* ECF No. 1. Further, Ms. Williams directly named Defendant Burdette as early as December 18, 2017, in her Motion to Appoint Counsel and Defendant Noel in her Supplemental Complaint. ECF Nos. 4, 49-1.

Despite Defendant CCS's contentions to the contrary, Ms. Williams has consistently described this case as encompassing continuing denial of medical care, including failure to treat her diabetes and resulting conditions, and not just regarding "lumps" and colon issues. *Compare* ECF No. 83, p. 3-5 (CCS describing the claims as relating solely to lumps and her colon) *with* ECF No. 2, 4, 34, 49. Defense counsel was made aware of Ms. Williams' intention to have broader operative facts that mirror the current Amended Complaint as early as December 18, 2017, the day her initial complaint was filed, in her Motion to Appoint Counsel which identified issues with her diabetes and related conditions. ECF No. 4.  In her December 2017, April 2018, and October 2019 filings, Ms. Williams has repeatedly attempted to describe additional facts, now contained in the Amended Complaint, including failure to manage her diabetes and treat her diabetic neuropathy. ECF Nos. 4, 34, 49-1.

Furthermore, Ms. Williams' Eighth Amendment claims pertaining to new Defendants are not futile. Futility of amendment occurs when the amended complaint does not state a claim upon which relief can be granted. *Garza v. Citigroup Inc.*, 192 F. Supp. 3d 508, 515 (D. Del. 2016). Ms. William's Amended Complaint plainly states a claim of deliberate indifference to her serious medical needs in violation of her Eighth Amendment rights against the new Defendants. The *Estelle* standard of deliberate indifference has two prongs: it requires (1) deliberate indifference of prison officials, and (2) that the prisoner's medical needs be "serious." *Monmouth Cty. Corr. Inst'l Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987). Where there is knowledge of the need for care accompanied by an intentional refusal to provide that care, "the deliberate indifference standard has been met." *Id.* (citing *Ancata v. Prison Health Servs.*, 769 F.2d 700, 704 (11th Cir. 1985)). A medical condition is considered "serious" if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth*, 834 F.2d at 347 (quoting *Pave v. Fauver*, 479 F. Supp. 456, 458 (D.N.J. 1979), *aff'd*, 649 F.2d 860 (3d Cir. 1981)). Prison staff also may not, with deliberate indifference to medical needs, "opt for 'an easier and less efficacious treatment' of the inmate's condition." *Monmouth*, 834 F.2d at 347 (quoting *West v. Keve*, 571 F.2d 158, 162 (3d Cir. 1978)).

Ms. Williams' claims against the newly identified Medical Defendants meets

all relevant prongs to establish an Eighth Amendment claim. Her conditions of diabetes, diabetic neuropathy, and severe abdominal pain clearly constitute "serious" medical conditions. Diabetes and diabetic neuropathy are known conditions and the need for treatment and management is so obvious a layperson would easily recognize the need for medical care. Further, outside providers flagged Ms. Williams' diabetic neuropathy and told prison officials that Ms. Williams needed to see an outside specialist because of the seriousness of her conditions. ECF No. 82-1, p. 11-12, 16. Therefore, the medical conditions at issue are plainly "serious" for purposes of the Eighth Amendment.

The Amended Complaint adequately pleads that Defendants Burdette, Slavova, and LeClerc were aware of her diabetes and resulting neuropathy for years, but did not consistently provide effective assessment or medications for either. ECF No. 82-1, p. 6; ECF No. 4, 34, 49-1. Despite the great risk of limb amputation with diabetic neuropathy, Defendants have not monitored Ms. Williams' neuropathy at all and their primary treatment for resulting wounds on her lower limbs has consisted primarily of clipping her toenails. ECF No. 82-1, p. 6; ECF No. 4, 34, 49-1. Further, when outside providers prescribed Ms. Williams medications for her neuropathy pains and referred her to a specialist, Defendants cancelled the prescriptions and referred appointments. ECF No. 82-1, p. 11-12, 16. Ms. Williams' neuropathy has progressed, and she has endured extensive pain and suffering over the past several years as a result. These

allegations plainly establish a violation of the Eighth Amendment.

Lastly, Ms. Williams has clearly stated an Eighth Amendment claim against Defendant Noel.  In order to sue a private corporation contracted by a prison for healthcare under §1983, a Plaintiff must demonstrate that the corporation has a custom, policy, or practice that manifests deliberate indifference to a prisoner's serious medical needs. "[L]iability under § 1983 may be imposed on an official with final policymaking authority if that official establishes an unconstitutional policy that, when implemented, injures a plaintiff." *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 223 (3d Cir. 2015); *see also A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Detention Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) ("Individual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'") (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir.1989)).

Defendant Dr. Noel, who is sued in his official capacity, implemented a policy or practice which exhibited deliberate indifference to Ms. William's serious medical needs. ECF No. 82-1, p. 22-23. As Chief of Clinical Services for the DOC, Dr. Noel creates, implements, and oversees the DOC's policies around diabetes management and formulary medications. *Id.* at 6, 8. These policies do not adequately monitor or manage diabetic glucose levels over time. ECF No. 82-1, p. 6. There is also a general

practice of not monitoring progression of diabetic neuropathy supported by DOC's policies. *Id.* Finally, Defendant Noel has also overseen the implementation of a policy or practice that prevents the use of effective medications for purely administrative reasons. *Id.* at 8. Consequently, the Amended Complaint has also stated a supervisory liability claim against Defendant Noel.

Plaintiff is not attempting to add new legal claims, but rather seeks to provide the factual basis for the claims she has already made. These expanded facts are not new to the docket, as Ms. Williams has mentioned them at various points throughout her *pro se* litigation. ECF No. 4, 34, 49-1. Therefore, in the interests of fairness, the court should grant leave to amend the complaint so that she may clarify the claims, add appropriate defendants, and remove Defendant Taylor Stark.

## V.   CONCLUSION

Wherefore Plaintiff Williams respectfully requests that this Honorable Court grant leave to amend the complaint to add Defendants LeClerc, Burdette, Slavova, and Noel, remove Defendant Stark, and to clarify Ms. Williams' existing constitutional claims of First Amendment retaliation and Eighth Amendment deliberate indifference to serious medical needs.

Respectfully submitted,

*/s/ Alexandra Morgan-Kurtz*
Alexandra Morgan-Kurtz

        PA ID No. 312631
        PA Institutional Law Project
        100 Fifth Avenue, Ste 900
        Pittsburgh, PA 15222
        T:  412-434-6175
        amorgan-kurtz@pailp.org

        */s/ Amy Ernst*
        Amy Ernst
        PA ID No. 328055
        PA Institutional Law Project
        115 Farley Circle, Suite 110
        Lewisburgh, PA 17837
        T:  570-523-1104
        aernst@pailp.org

        */s/ Catherine Sevcenko*
        Catherine Sevcenko
        National Council for Incarcerated and
        Formerly Incarcerated Women and Girls
        300 New Jersey Ave, NW #900
        Washington, DC 20001
        T:  (412) 434-6175
        csevcenko@thecouncil.us
        *Admitted pro hac vice*


        *Counsel for Plaintiff*

Date: July 14, 2020