IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYNQUILA WILLIAMS, | : | |
| Plaintiff | : | No. 1:17-CV-2323 |
| | : | |
| v. | : | (Chief Magistrate Judge Schwab) |
| | : | |
| SMITH, *et al.*, | : | *Electronically Filed Document* |
| Defendants | : | *Complaint filed: 12/18/2017* |

### DOC DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND

Pursuant to the Scheduling Order issued (Doc. 88), Defendants Donnaromma and Stark, by and through undersigned counsel, file this brief in opposition to the Plaintiff's motion for leave to amend her complaint. Defendants hereby submit that if the Court grants leave to Plaintiff to amend her complaint, Plaintiff's First and Eighth Amendment claims should be severed and proceed separately. Otherwise, they will unnecessarily prejudice Defendant Donnaromma.

### BACKGROUND AND PROCEDURAL HISTORY

On December 18, 2017, Plaintiff, Synquila Williams ("Williams") filed a complaint under 42 U.S.C. § 1983 against Superintendent Robert Smith, Corrections Officers Donnarumma and Stark ("DOC Defendants") and, separately represented, Correct Care Solutions ("CCS"). (*See* Doc. 1).

The complaint alleged four acts of wrongdoing: (i.) that Ms. Williams was sexually assaulted at some point in time and when Ms. Williams attempted to

report the assault an unnamed officer and/or Lieutenant Brittain did nothing but take photos (*id.* at 2-3); (ii.) that Ms. Williams' medical needs were neglected because she didn't receive treatment for her colon or to treat injuries from a fall in the kitchen (*id.* at 3); (iii.) that Officers Donnarumma and Stark harassed Ms. Williams and lied on misconduct reports (*id.*); and, finally (iv.) that the HIPPA law had been violated by some unidentified person or entity (*id.*). As relief, Ms. Williams sought protection from retaliation, assistance in obtaining medical care, compensatory and punitive damages, declaratory relief, and attorney's fees and costs. (*Id.*).

Both the DOC Defendants and the CCS Defendant filed motions to dismiss the complaint. (*See* Docs. 23 and 25). The Court granted in part the DOC Defendants' motion terminating Superintendent Smith from the action and dismissing the Eighth and Fourteenth Amendment claims against the DOC Defendants. (Doc. 39 at 14). Ms. Williams was permitted to continue with a First Amendment retaliation claim against the DOC Defendants along with the identified Eighth Amendment claim against the CCS Defendant.

DOC Defendants filed an answer with affirmative defenses to the complaint on August 27, 2019. (*See* Doc. 41). The CCS Defendants moved for leave to take Ms. Williams' deposition in September 2019, which was granted. (*See* Docs. 45-46). Discovery between the parties began, but Ms. Williams' deposition has not yet

been taken. In November 2019 and February 2020 counsel for Ms. Williams entered their appearance and several motions to extend the time to complete discovery were filed. (*See* Docs. 55-57, 61, 63-65). At this time, fact discovery closes on November 19, 2020. (*See* Doc. 87).

On June 30, 2020 counsel for Ms. Williams moved to amend the original complaint pursuant to Federal Rule 15(a). (Doc. 82). The amended complaint seeks to "clarify" Ms. Williams' remaining First and Eighth Amendment claims and add additional defendants for the Eighth Amendment claim. (*Id.*) Ms. Williams' predominant issue in the amended complaint is that she failed to receive adequate *medical care for her diabetes* for several years, whereas the original complaint concerned a failure to treat a full colon or injuries resulting from a fall in the kitchen. *Compare* Doc. 1 at 3 *with* Doc. 82.1 ¶¶ 11-137.

As a secondary issue, Ms. Williams seeks to amend her claims against Officers Donnaromma and Stark to assert that Defendant Donnaromma refused to report her PREA concerns about her cellmate and later slammed her head against a table, whereas her original complaint concerned receipt of retaliatory misconducts after filing a PREA complaint. *Compare* Doc. 1 at 2-3 *with* Doc. 82.1 ¶¶ 138-174, 177-181.

<u>STATEMENT OF QUESTIONS INVOLVED</u>

SHOULD PLAINTIFF'S FIRST AND EIGHTH AMENDMENT CLAIMS BE SEVERED BECAUSE THE CLAIMS ARE MISJOINED?

SUGGESTED ANSWER: YES.

<u>ARGUMENT IN OPPOSITION</u>

"[A] party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Federal rules allow for amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend should be granted unless the requested amendment would be inequitable, futile, is sought in bad faith, considered to be prejudicial, or has been interposed for reasons of delay. *Id*. The policy favoring liberal allowance of amendments of a pleading does not mean that the right to amend is absolute. *See* Fed. R. Civ. P. 15(a)(2).

Federal Rule of Civil Procedure 20(a) permits "joinder" – the joining together of more than one party – if the plaintiff's claim seeks relief against the defendants "jointly, severally, or in the alternative" and "aris[es] out of the same transaction, occurrence, or series [of events] . . . and [if] any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). Misjoinder, on the other hand, as here, occurs when there is no common question

of law or fact and the events that gave rise to the Ms. Williams' claims against the defendants do not stem from the same transaction, occurrence, or series of events.

Misjoinder is governed by Rule 21, which reads:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Fed. R. Civ. P. 21. To remedy misjoinder, then, a court may not simply dismiss a suit altogether. Instead, the court has two remedial options: (1) misjoined parties may be dropped "on such terms as are just"; or (2) any claims against misjoined parties "may be severed and proceeded with separately." *Id.*

First, because Ms. Williams' claims arise out of a completely separate series of events with no common questions of law or fact, this Court should sever the claims in the amended complaint and permit them to proceed in a separate action. *See White v. ABCO Eng'g Corp.,* 199 F.3d 140, 145 n. 6 (3d Cir. 1999) (When a court severs a claim against a defendant under Rule 21, the statute of limitations is held in abeyance, and the severed suit can proceed so long as it initially was filed within the limitations period).

More specifically, the First Amendment retaliation claim relates to Ms. Williams' August 2017 PREA complaint and Defendant Donnaromma's alleged retaliatory actions thereafter. Separately, Ms. Williams has now clarified that she

asserts an Eighth Amendment claim related to the mistreatment of her diabetes by various medical defendants. Other than the fact that the events occurred in the same facility, there are no questions of law or fact common to all defendants that will arise in this action.

Ms. Williams anticipates in her brief in support for leave to amend that DOC Defendants would object to the amended complaint due to misjoinder. (*See* Doc. 88 at n.1). She correctly notes that the DOC and CCS defendants have remained part of this litigation for the last three years and asserts that Defendants should remain joined because no new claims or new set of facts have been included in the amended complaint. (*Id.*) This argument, however, ignores the fact that the original complaint, while limited, appeared to assert claims related each other and Defendants were not on notice of a possible misjoinder issue because they have not had the benefit of deposing Ms. Williams despite requesting to do so on several occasions.

Justice and fairness would not be served by allowing Ms. Williams to continue to litigate disparate claims in one proceeding, especially in light of the fact that if a plaintiff is permitted to join separate and distinct claims in one action, they will be able to circumvent filing fee requirements. *See Washington v. Folino*, 2013 WL 998013, at *3 n.1 (W.D. Pa. Feb. 28, 2013). It cannot be said that Ms. Williams' "clarified" claims of medical mistreatment and officer retaliation arise

out of the same transaction or occurrence, or series of events to satisfy Rule 20. As such, this Court may properly exercise its discretion and sever these claims.

Second, Defendant Donnaromma would be prejudiced if these two separate matters continued in a consolidated manner because undersigned counsel likely would be requested to represent the newly named defendant, Dr. Paul Noel and would now need to litigate incompatible claims. These individual Corrections defendants would be in different positions to, among other things, consider settlement or consider trial presentation, all of which cause unnecessary confusion.

There would be no prejudice to Ms. Williams if she were required to separately litigate these claims. *See Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3d Cir. 1972) ("The proper remedy in case of misjoinder is to grant severance or dismissal to the improper party if it will not prejudice any substantial right."). Because it would not prejudice Ms. Williams to separately litigate these claims, the Court should exercise its discretion and sever these claims.

Third, despite Ms. Williams' wholly unsupported assertion (*see* Doc. 88 at 10), there is no evidence that the proposed medical defendants, such as Dr. Noel, were ever on notice of this existing litigation or to the fact that they could be named as potential wrongdoers. These individuals were not named in the documents cited by counsel and have no reason to be privy to these filings because they were never personally served with them. If anything, their inability to be

aware of the initial filings supports the need to sever the claims, properly serve the new defendants, and move forward in two separate proceedings.

Additionally, Ms. Williams incorrectly asserts that all of her claims have been encompassed in her multiple filings despite not being expressed in her original complaint. (*See id.*). However, courts have dismissed such claims and have consistently held these practices to be unfair because they unreasonably burden defendants to infer potential claims that could arise simply because they were mentioned in tangential filings and not pled in the complaint. *See Commonwealth of Pennsylvania v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988); *Sansom Committee v. Lynn*, 366 F. Supp. 1271, 1278 (E.D. Pa. 1973).

Finally, although Ms. Williams argues that she has clearly stated an Eighth Amendment claim against Dr. Noel, she notes that he is being sued in his individual and official capacity. (*See* Doc. 82-1 ¶ 6 and Doc. 88 at 13). Ms. Williams already identified Dr. Noel as a Department of Corrections employee, not a CCS employee (*see id.*), so any claim against him in his official capacity is subject to dismissal pursuant to the Eleventh Amendment. In that context, Ms. Williams' argument that claims brought against Dr. Noel would not be futile is not persuasive and again supports the need to sever the claims.

## CONCLUSION

For these reasons, DOC Defendants request that the Court deny Ms. Williams' motion to amend her complaint and direct Ms. Williams to file her new Eighth Amendment medical claims in a new civil action.

                        Respectfully submitted,

                        JOSH SHAPIRO
                        Attorney General

By:   */s/ Nicole R. DiTomo*
       NICOLE R. DITOMO
       Deputy Attorney General
       Attorney I.D. No. 315325

Office of Attorney General
1000 Madison Avenue, Suite 310
Norristown, PA 19403
Phone: (610) 631-6205
nditomo@attorneygeneral.gov

LINDSEY A. BEDELL
Deputy Attorney General
Attorney I.D. No. 308158

KAREN M. ROMANO
Chief Deputy Attorney General
Civil Litigation Section

Date: July 28, 2020                    *Counsel for DOC Defendants*

## CERTIFICATE OF SERVICE

I, Nicole R. DiTomo, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on July 28, 2020, I caused to be served a true and correct copy of the foregoing document titled DOC Defendants' Brief in Opposition to Plaintiff's Motion to Amend to the following:

VIA ELECTRONIC FILING

| | |
|---|---|
| Alexandra Morgan-Kurtz, Esquire<br>Amy B. Ernst, Esquire<br>Pennsylvania Institutional Law Project<br>100 Fifth Avenue, Suite 900<br>Pittsburgh, PA 15222<br>amorgan-kurtz@pailp.org<br>aernst@pailp.org<br>*Counsel for Synquila Williams* | Alan S. Gold, Esquire<br>Alexander R. Ferrante, Esquire<br>Gold & Ferrante, PC<br>The Pavilion, Suite 526<br>261 Old York Road<br>Jenkintown, PA  19046<br>asg@goldferrantelaw.com<br>arf@goldferrantelaw.com<br>*Counsel for Defendant Correct Care Solutions* |
| Bret D. Grote, Esquire<br>Abolitionist Law Center<br>P.O. Box 8654<br>Pittsburg, PA 15221<br>bretgrote@abolitionistlawcenter.org<br>*Counsel for Synquila Williams* | |
| Catherine B. Sevcenko, Esquire<br>Nat'l Council for Incarcerated &<br>Formerly Incarcerated<br>300 New Jersey Avenue, NW #900<br>Washington, DC 20001<br>csevcenko@thecouncil.us<br>*Admitted pro hac vice*<br>*Counsel for Synquila Williams* | |

                                          */s/ Nicole R. DiTomo*
                                          NICOLE R. DITOMO
                                          Deputy Attorney General